UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ALEX HOWE,

                Petitioner,              Case No. 1:26-cv-1876

v.                                 HON. ROBERT J. JONKER

TODD M. LYONS,

                Respondent.
_____/

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

### BACKGROUND

Petitioner is a native and citizen of Liberia, who was admitted to the United States on March 2, 2004, as a child of a refugee. (Notice to Appear (NTA), ECF No. 5-2, PageID.29.) On December 20, 2005, Petitioner's status was adjusted to that of a lawful permanent resident. (*Id.*) However, since that time, Petitioner has been convicted on multiple criminal charges and has had other encounters with law enforcement. (*See* ECF No. 5-1, PageID.26). For example, in 2013, he was convicted on a charge of "possession of fake drugs." (*Id.*). In 2014, he was arrested for "domestic violence and assault" and convicted on related charges. (*Id.*). In 2021, he was convicted of "receiving stolen property." (*Id.*). And he received multiple DUIs during that time frame. (*Id.*).

Most recently—and most significantly—on September 4, 2024, Petitioner was convicted of Having Weapons While Under a Disability and Possession of Fentanyl-Related Compound. (*Id.*; ECF No. 5-2, PageID.32). He was sentenced to 18 months incarceration for the firearm offense and 12 months for the drug offense. (ECF No. 5-1, PageID.26).

On October 26, 2025, the Department of Homeland Security (DHS) issued Petitioner an NTA, charging him as removable under sections 237(a)(2)(C) and (a)(2)(B)(i) of the Immigration and Nationality Act (INA). (*Id.*). On November 19, 2025, ICE agents encountered and arrested Petitioner after Petitioner was released from the Ohio Department of Corrections following the expiration of his prison sentence. (2025 Form I-213, ECF No. 5-1, PageID.25.) On January 21, 2026, an Immigration Judge ordered Petitioner removed to Liberia. (Immigration Judge Order, ECF No. 5-4, PageID.39). Petitioner filed an appeal of that decision, which remains pending. *Automated Case Information*, https://acis.eoir.justice.gov/en/ ("A-Number," enter 094641416, "Nationality," enter Liberia, select "submit") (last visited July 21, 2026); (ECF No. 8, PageID.50).[1]

---

[1] Because Petitioner's appeal to the BIA remains pending, Petitioner's order of removal is not "administratively final" for purposes of the INA. *See* 8 U.S.C. §§ 1101(a)(47)(B), 1231(a)(1)(B)(i), 1231(a)(2)(A). Section 1231 of Title 8, titled, "Detention and removal of aliens ordered removed," provides in relevant part that, "[d]uring the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). However, as relevant to this case, the removal period does not begin to run until "[t]he date the order of removal becomes administratively final." *Id.* § 1231(a)(1)(B)(i). For the purposes of § 1231(a)(1)(B)(i), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." *Id.* § 1101(a)(47)(B); *see Jusufi v. Chertoff*, No. 07-15450, 2007 WL 4591760, at *4 (E.D. Mich. Dec. 28, 2007) (discussing that a final removal order becomes administratively final when the BIA denies an appeal of it); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 534–35 (2021) ("[O]nce the BIA has reviewed [and affirmed] the [removal] order (or the time for seeking the BIA's review has expired), DHS is free to remove the alien *unless* a court issues a stay. That reinforces why Congress included 'administratively' before the word 'final' in the first provision.").

On June 16, 2026, Petitioner filed this § 2241 habeas petition. (ECF No. 1). He challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondent to release Petitioner. (*Id.* at PageID.7.) In an order entered on June 18, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondent filed his response on June 24, 2026. (Resp., ECF No. 5). On July 6, 2026, the Court ordered the parties to submit supplemental briefing addressing whether Petitioner's falls under 8 U.S.C § 1226(c). (ECF No. 7). Respondent submitted his response on July 8, 2026. (ECF No. 8). Petitioner filed his on July 20, 2026. (ECF No. 10).

## LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a *live* case or controversy—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.* (some internal quotations omitted) (citation omitted). "When

3

the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

## DISCUSSION

Under the Immigration and Nationality Act, various groups of noncitizens must be detained while their removal cases are proceeding. As relevant here, 8 U.S.C. § 1226(c) requires the government to detain certain individuals who have been taken into custody based on specified criminal conduct. More specifically, 8 U.S.C. § 1226(c)(1)(B) directs that officials keep in custody any noncitizen who "is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." Under Section 1227(a)(2)(C), "[a]ny alien" convicted of "certain firearm offenses"—including those involving "possess[ion]"—is deportable. And under Section 1227(a)(2)(B), "[a]ny alien" convicted of violating "any law . . . relating to a controlled substance offense" is deportable.[2] If a noncitizen satisfies any of those requirements, then that noncitizen may only be released if the release is necessary for certain purposes related to witness protection and cooperation with law enforcement. *See* 8 U.S.C. § 1226(c)(4).

Here, Respondent has submitted documents that, on their face, satisfy all the elements of Section 1226(c)(1)(B). Petitioner's arrest report indicates that he has both firearm and controlled substance convictions. He was convicted of "Having Weapons While Under a Disability"—an unlawful "possession" offense. *See* § 1227(a)(2)(C). And he was convicted of "Possession of Fentanyl-Related Compound"—an offense "relating to a controlled substance." *See* § 1227(a)(2)(B). Recognizing Petitioner's criminal background, the NTA charged Petitioner as removable under sections 237(a)(2)(C) and (a)(2)(B)(i)—or 8 U.S.C § 1227(a)(2)(C) and §

---

[2] The only exception to this general deportability rule is for "a single offense involving possession for one's own use of 30 grams or less of marijuana." § 1227(a)(2)(B).

1227(a)(2)(B)—of the INA. (NTA, ECF No. 4-1, PageID.53). And the Immigration Judge found that Petitioner was "removable/inadmissible as charged in the Notice to Appear." (ECF No. 5-4, PageID.39). Thus, based on the record as it stands, Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B) for being "deportable" under § 1227(a)(2)(C) and § 1227(a)(2)(B). There is nothing in Petitioner's briefs or in the initial petition that suggests any reason to doubt that Section 1226(c)(1)(B) applies.[3] So the Court will deny the petition for writ of habeas corpus without prejudice. Should circumstances change such that mandatory detention is no longer required under the statute or should the detention become so prolonged that it raises constitutional concerns,[4] Petitioner remains free to file a new § 2241 petition.

## CONCLUSION

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**IT IS SO ORDERED.**

Dated:   July 22, 2026          /s/ Robert J. Jonker
                              ROBERT J. JONKER
                              UNITED STATES DISTRICT JUDGE

---

[3] If Petitioner believes that his detention does not fall within the scope of § 1226(c), he may request what is known as a "Joseph hearing." *See Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999). At such a hearing, he would have the opportunity to "avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the [Government] is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." *Jennings v. Rodriguez*, 583 U.S. 281, 289 n.1 (2018) (quoting *Demore v. Kim*, 538 U.S. 510, 514 n.3 (2003)). To receive a *Joseph* hearing, Petitioner must request one from an immigration judge. *See* 8 C.F.R. § 1003.19(a). The Court takes no position on whether Petitioner is, in fact, entitled to a *Joseph* hearing.

[4] Petitioner's 8-month detention under Section 1226(c) is not yet unconstitutionally prolonged. *See Khan v. Raycraft*, No. 1:26-cv-1038, ECF No. 8, PageID.89 (W.D. Mich. May 7, 2026) (concluding that the petitioner's 8-month detention under 1226(c) had not yet "reached an unconstitutionally unreasonable length").